OPINION
{¶ 1} Appellant, Justin Easter, appeals his judgment entry of sentence from the Ashtabula County Court of Common Pleas. Appellant asserts the trial court improperly imposed a sentence of incarceration beyond the statutory minimum in violation of his Sixth Amendment constitutional rights for his guilty plea to the offense of receiving stolen property, a fifth-degree felony, in violation of R.C. 2913.51. For the reasons that follow, we find that this appeal is now moot and therefore the appeal is dismissed.
 {¶ 2} Appellant asserts the following single assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A PERIOD OF INCARCERATION BEYOND THE STATUTORY MINIMUM. (Sent. JE, 4/28/05) [sic]."
 {¶ 4} An appeal of a sentence is moot if the party challenging the sentence has served the imposed time. State v.Smith, 11th Dist. No. 2000-L-195, 2002-Ohio-1330, 4. Appellant's single assignment of error presented for our review involves strictly the sentence imposed for the underlying offense. Although appeals of felony convictions should not be dismissed as moot on appeal due to the additional ramifications of a felony conviction, "* * * this logic does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction." State v. Beamon, 11th Dist. No. 2000-L-160, 2001-Ohio-8712, 4.
 {¶ 5} Based on the information currently available before the court, it appears appellant has served his sentence for this conviction. Appellant was sentenced on April 28, 2005 to serve eight months in the Lorain Correctional Institution. Appellant was given credit for one-hundred-twelve days served. More than eight months has passed since the sentence was ordered.
 {¶ 6} Therefore, appellant has completed his sentence. Accordingly, appellant's appeal is now moot and should be dismissed.
 {¶ 7} For the reasons stated in the Opinion of this court, the assignment of error is not well taken as the same is moot and the appeal is dismissed.
Ford, P.J., O'Neill, J., concur.