OPINION
{¶ 1} Jonathan L. Holley appeals from the judgment of the Ashtabula County Court of Common Pleas, finding him guilty of domestic violence based on a jury verdict, and sentencing him to eight months in prison. We affirm.
 {¶ 2} Mary Almotte is the mother of two children by Mr. Holley. November 2, 2004, she took the children, Christian and Rebecca, to the residence on Eureka Road, Ashtabula Township, where Mr. Holley resides with his mother, brothers, and sisters. The children were to spend the evening with their father. As Mr. Holley was not home when she arrived, Ms. Almotte took one brother, Jamal Holley, to pick up some high school photographs. Upon returning to the Eureka Road residence, Ms. Almotte conversed with Mr. Holley's mother in the kitchen.
 {¶ 3} By the time Mr. Holley returned home, his children were already asleep. Mr. Holley told Ms. Almotte that the children could not stay overnight. Ms. Almotte became angry, and evidently insulted Mr. Holley in front of his mother, before leaving the residence with her children. Mr. Holley followed her to her car, and demanded she not speak to him in an offensive manner in his mother's presence. Ms. Almotte suggested he sign away his parental rights to Christian and Rebecca. Allegedly, Mr. Holley then struck Ms. Almotte across the left side of her face as she sat in her car.
 {¶ 4} At trial, Ms. Almotte testified that only she, the children, and Mr. Holley were outside the residence when he struck her. Mr. Al Harris, an older brother of Mr. Holley's, testified that he was outside when she left, and that Mr. Holley did not strike her. Brian Worrell, a parole officer, testified at trial that Mr. Harris claimed, at an earlier parole hearing regarding Mr. Holley, to have been inside the Eureka Road residence at the time Ms. Almotte left.
 {¶ 5} Also at trial, Miss Lakisha Holley, an older sister of Mr. Holley's, testified that she observed the transactions between her brother and Ms. Almotte that evening through the kitchen window, and that Ms. Almotte was not struck.
 {¶ 6} Ms. Almotte returned to her home with the children, called a friend to come sit with her, and also called her mother. She then called the sheriff's department. Deputy Michael Roach responded. He took Ms. Almotte's statement, and photographs showing swelling and bruising to the left side of her face. He then went to the Eureka Road residence. Mr. Holley was not there; and, Deputy Roach testified at trial that the other residents of the house, including Mr. Harris and Miss Lakisha Holley, refused to speak with him. Mr. Harris and Miss Holley testified that they did not see Deputy Roach that evening.
 {¶ 7} Mr. Holley was arrested. January 24, 2005, the Ashtabula County Grand Jury indicted Mr. Holley for domestic violence in violation of R.C. 2919.25(A), a felony of the fifth degree. August 8, 2005, jury trial was held, and Mr. Holley convicted. November 3, 2005, sentencing hearing was held; and, November 7, 2005, the trial court filed its judgment entry, sentencing Mr. Holley to eight months imprisonment. Mr. Holley timely noticed this appeal, making two assignments of error:
 {¶ 8} "[1.] Defendant-appellant's conviction is against the manifest weight of the evidence.
 {¶ 9} "[2.] The trial court erred to the prejudice of defendant-appellant by imposing an eight-month prison term for a felony of the fifth degree."
 {¶ 10} We deal with the assignments of error in order.
 {¶ 11} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Thompkins, 78 Ohio St.3d 380, 387.
 {¶ 12} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state has carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 13} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v.Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183,2000 Ohio App. LEXIS 1073, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 14} Under his first assignment of error, Mr. Holley argues that the jury clearly lost its way, since it (evidently) did not credit the testimony of his brother and sister, Mr. Harris and Miss Holley, that he never hit Ms. Almotte. He further argues that the jury was not entitled to rely on Ms. Almotte's testimony, since she (admittedly) was angry with him that evening for refusing to take the children.
 {¶ 15} Mr. Holley's arguments are unavailing. Ms. Almotte testified that Mr. Harris was not outside at the time of the incident. The state introduced the testimony of Mr. Worrell, that Mr. Harris had testified at a probation hearing that he was inside the Eureka Road residence throughout the incident, and thus in no position to observe. Mr. Harris agreed at trial that he may so have testified. Mr. Harris and Miss Holley testified at trial that they did not see Deputy Roach when he investigated Ms. Almotte's charges. Deputy Roach testified that he did see both of them, and that they refused to give him a statement. The jury was free to believe the testimony of Ms. Almotte, Mr. Worrell, and Deputy Roach, and discount that of Mr. Harris and Miss Holley.Awan at 123. It was free to ignore the testimony of Mr. Harris and Miss Holley entirely. Warren at 8.
 {¶ 16} The first assignment of error lacks merit.
 {¶ 17} Under his second assignment of error, Mr. Holley makes a two-pronged attack upon his sentence of eight months imprisonment for domestic violence, a fifth degree felony. First, he argues that it was error for the trial court to impose a prison term for a fifth degree felony, when community control sanctions could achieve the overriding purposes of the felony sentencing statutes, pursuant to R.C. 2929.11. Second, he notes that his term of eight months imprisonment exceeds the statutory minimum for a fifth degree felony, necessarily importing that the trial court relied on former R.C. 2929.14(B) in determining the length of the sentence. Pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 103-104, Mr. Holley contends his sentence, being based on an unconstitutional statute, is void, must be vacated, and the matter set for resentencing.
 {¶ 18} We disagree. Mr. Holley was sentenced in November 2005, to eight months imprisonment. The trial court refused to stay his sentence pending appeal. More than one year has passed. "We cannot grant relief to a defendant who has served his or her sentence if the underlying conviction or plea itself is not an issue." State v. Cottrell, 11th Dist. No. 2004-A-0059, 2005-Ohio-6082, at ¶ 30. There being no error in Mr. Holley's conviction, and his sentence presumably having been served, we are without power to grant relief.
 {¶ 19} The second assignment of error is moot.
 {¶ 20} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.