OPINION
{¶ 1} Appellant, Michael L. Johnson, appeals from an August 31, 2005 judgment of the Lake County Court of Common Pleas, where he was sentenced to eleven months in prison. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On July 15, 2005, appellant was charged by way of information with one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A). On July 22, 2005, appellant entered a written plea of guilty to the domestic *Page 2 
violence charge contained in the bill of information. On August 31, 2005, the trial court sentenced appellant to eleven months in prison. The trial court further ordered that upon release from prison, appellant was to complete the program at Northeast Ohio Community Alternative Program ("NEOCAP"), which he was sentenced to in Lake County Court of Common Pleas, Case No. 05 CR 000187.[1]
 {¶ 3} It is from the August 31, 2005 judgment that appellant appeals, raising the following sole assignment of error:
 {¶ 4} "The trial court erred by imposing more than minimum and consecutive sentences upon appellant, pursuant to R.C. 2929.14(B), (C), (E), in violation of his sixth amendment right to a jury trial."
 {¶ 5} In the case sub judice, appellant argues that the trial court erred when it sentenced him to a more than the minimum sentence for a fourth degree felony. He further contends that the trial court erred when it ordered him to complete the program at NEOCAP in Case No. 05 CR 000187, making his sentence consecutive to the sentence he received in that case. He maintains that in light of the holding in Foster, finding the relevant sentencing statutes unconstitutional, that his sentence must be vacated, and remanded for resentencing.
 {¶ 6} Appellee argues that appellant's appeal is moot since he completed his prison term, citing State v. Easter, 11th Dist. No. 2005-A-0039, 2006-Ohio-3887. We agree.
 {¶ 7} Appellant was sentenced in August 2005, to eleven months imprisonment. On July 5, 2006, appellant was released upon completion of his sentence and without *Page 3 
supervision. This court cannot grant relief to an appellant who has served his sentence if the underlying conviction is not at issue.State v. Holley, 11th Dist. No. 2005-A-0083, 2006-Ohio-6882, at ¶ 18;State v. Crockran, 2nd Dist. No. 05CA0018, 2006-Ohio-3192, at ¶ 7. As such, appellant's sole assignment is moot.
 {¶ 8} Accordingly, we affirm the judgment of the Lake County Court of Common Pleas.
CYNTHIA WESTCOTT RICE, P.J., concurs,
COLLEEN MARY OTOOLE, J., dissents.
[1] Appellant also appealed the judgment in Case No. 05 CR 000187; see companion case, State v. Johnson, 11th Dist. No. 2005-L-211, released simultaneously with this one. *Page 1