[Cite as *State v. Kinnison*, 2011-Ohio-6324.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                    :        C.A. CASE NO.    2010 CA 1

v.                                        :        T.C. NO.    09CR100

HERMAN E. KINNISON II                     :        (Criminal appeal from
                                                   Common Pleas Court)

    Defendant-Appellant              :


                                          :

        . . . . . . . . . .

## **O P I N I O N**

Rendered on the   9th   day of   December  , 2011.

        . . . . . . . . . .

R. KELLY ORMSBY III, Atty. Reg. No. 0020615, Prosecuting Attorney, Darke County
Courthouse, Third Floor, Greenville, Ohio 45331
      Attorney for Plaintiff-Appellee

WILLIAM F. OSWALL JR., Atty. Reg. No. 0080597, 810 Sycamore Street, Fifth Floor,
Cincinnati, Ohio 45202
      Attorney for Defendant-Appellant

        . . . . . . . . . .

FROELICH, J.

{¶ 1}  In October 2009, Herman E. Kinnison II pled guilty in the Darke County
Court of Common Pleas to one count of trafficking in marijuana, a fifth degree felony.  At
the plea hearing, Kinnison also admitted that he violated his community control in another

case by committing the trafficking offense.

{¶ 2} The plea agreement for the trafficking in marijuana charge provided that "[t]he Defendant shall plead guilty as charged and shall be free to argue the appropriate sentence. The State shall recommend a prison term of six (6) months, a fine of $250, restitution, and court costs." At the beginning of the plea hearing, defense counsel informed the court that the State would recommend that Kinnison receive six months in prison for both the community control violation and the trafficking in marijuana offense, to be served concurrently. The trial court told Kinnison that "there was a frank discussion back in chambers relatively blunt that community control sanctions wasn't working out. *** [I]n this case I entered [into] discussion with the two attorneys that if there was a guilty plea on Case 100 [the trafficking in marijuana charge], that the disposition on both of those cases would be six months concurrent. ***"

{¶ 3} The trial court informed Kinnison that, if he entered a guilty plea, he would serve "six months of incarceration starting today" and that "it was meant to be an agreement or three-way binding contract between the defense, the State and the Court." Kinnison proceeded to plead guilty to trafficking in marijuana and to admit to the community control violation. During the plea colloquy, Kinnison stated that he understood the "three-way agreement" and that he could ask for his plea to be set aside if the court did not impose the agreed sentence.

{¶ 4} After Kinnison entered his pleas, the trial court sentenced Kinnison to six months in prison for trafficking in marijuana (to be served concurrently with the six-month sentence for violating his community control), ordered him to pay restitution and court costs,

and suspended his driver's license for six months. Kinnison did not seek a stay of his sentence.

{¶ 5} In this delayed appeal, Kinnison claims that the trial court "erred by imposing a sentence that is not supported by the findings in the record." He argues that, "[i]f the trial court had known more about *** Kinnison and his lack of prior treatment[,] the court may have been more inclined to community control sanctions and not the imposition of prison time." Kinnison relies on facts that he presented to the court in a motion for judicial release, which was filed after Kinnison was sentenced and sent to prison.

{¶ 6} We need not address Kinnison's argument, because we cannot reverse Kinnison's sentence and remand for resentencing. "This court cannot grant relief to an appellant who has served his sentence if the underlying conviction is not at issue." *State v. Johnson,* Lake App. No. 2005-L-208, 2007-Ohio-780, ¶7. See, also, *State v. Money*, Clark App. No. 2009 CA 119, 2010-Ohio-6225, ¶25; *State v. Silvers*, Clark App. No. 2009 CA19, 2010-Ohio-567, ¶4 (taking judicial notice that defendant's name did not appear on the ODRC website and overruling defendant's challenge to his sentence as moot); *State v. Crockran*, Clark App. No. 2005 CA 18, 2006-Ohio-3192, ¶7.

{¶ 7} Kinnison did not seek a stay of his prison sentence on the trafficking in marijuana charge, and he was sent to prison in October 2009, as reflected by the Sheriff's Return on the Warrant to Convey Kinnison to prison and Kinnison's subsequent motions for judicial release. Kinnison's six-month sentence was due to expire in April 2010. As of this date, the Ohio Department of Rehabilitation and Correction's website does not list him as an inmate. Because Kinnison has completed his term of imprisonment, his challenge to

his prison sentence is moot, and we must dismiss the appeal on that basis.

Appeal dismissed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

R. Kelly Ormsby III
William F. Oswall Jr.
Hon. Jonathan P. Hein