[Cite as *State v. Bair*, 2011-Ohio-6798.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-8 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-223 |
| v. | : | |
| | : | |
| JORDAN P. BAIR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of December, 2011.

. . . . . . . . . . .

NICK A. SELVAGGIO, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

ENRIQUE RIVERA-CEREZO, Post Office Box 734, Dayton, Ohio 45409
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Jordan P. Bair was convicted of Vehicular Vandalism, in violation of R.C. 2909.09(B)(1)(B), a fourth-degree felony, and Criminal Damaging in violation of R.C. 2909.06 (A)(1)(B), a second-degree misdemeanor, as indicated in the trial court's Final Appealable Order filed December 17, 2009. The defendant was placed on community control

and transported to a local community based correctional facility as a sanction. The reserved sentence, if he violated community control, was eighteen months in prison on the felony and a concurrent ninety days on the misdemeanor. No appeal of that order was taken.

{¶ 2} A Notice of Supervision Violation was filed on December 28, 2010. At a hearing on January 11, 2010, the defendant admitted the community control violation. The matter was continued for disposition until January 20, 2011, at which time the court imposed the originally designated sentences. However, in the court's Final Appealable Order filed January 27, 2011, the defendant was granted jail-time credit of 271 days, as of January 20, 2011. The defendant filed a Notice of Appeal on February 11, 2011.

{¶ 3} Bair's appellate counsel filed a motion to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any non-frivolous issue for our review. Counsel's filing included an *Anders* brief that raised two potential issues. First, counsel pointed out that perhaps the defendant did not fully understand his constitutional rights prior to admitting the community control violation and, second, that the defendant's sentence could be considered "too harsh."

{¶ 4} We find no indication that there was a stay of the defendant's sentence. Moreover, he was in custody at the time of the described violation hearing and sentencing. He was ordered to be conveyed to the Ohio Department of Rehabilitation and Correction (ODRC) to serve his sentence. Accordingly, the defendant would have completed his sentence in October 2011. We take judicial notice that his name does not appear on the ODRC website of incarcerated offenders.

{¶ 5} Bair was given the opportunity from this Court to file his own brief but he has

failed to do so.

{¶ 6} Both of the potential assignments of error raised by counsel effectively challenge the prison sentence the defendant received, and neither challenges the underlying conviction itself. Indeed, the time for appeal of the conviction itself expired long ago. If we were to determine that (1) the defendant may not have fully understood his constitutional rights at the violation hearing, or (2) that the sentence was too harsh, the remedy would be to remand the matter for a new violation hearing or new sentencing. But the defendant has now served his complete sentence. "This court cannot grant relief to an appellant who has served his sentence if the underlying conviction is not at issue." *State v. Johnson,* Lake App. No.2005–L–208, 2007–Ohio–780, ¶7; see, also, *State v. Money*, Clark App. No. 2009 CA 119, 2010–Ohio–6225, ¶25; *State v. Silvers*, Clark App. No.2009 CA 19, 2010–Ohio–567, ¶4 (taking judicial notice that defendant's name did not appear on the ODRC website and overruling defendant's challenge to his sentence as moot). Because the potential issues raised by appellate counsel are undoubtedly moot, they lack arguable merit.

{¶ 7} Additionally, pursuant to our responsibilities under *Anders*, we independently have reviewed the record in this case. We agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.

{¶ 8} Counsel's request to withdraw from further representation is granted, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Nick A. Selvaggio
Enrique Rivera-Cerezo
Jordan P. Bair
Hon. Roger B. Wilson