[Cite as *State v. Richmond*, 2012-Ohio-842.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-25 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-55 |
| v. | : | |
| | : | |
| CHRISTOPHER RICHMOND | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of March, 2012.

. . . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

BRETT A. RINEHART, Atty. Reg. #0081226, 150 North Limestone Street, Suite 206, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Christopher Richmond appeals from his one-year sentence imposed for Attempted Burglary, a felony of the fifth degree, to which he pled guilty as part of a plea bargain.

{¶ 2} Richmond contends that the State violated its undertaking, as part of the plea bargain, to remain silent with respect to a recommendation of sentence, when, at sentencing, it noted its undertaking to remain silent with respect to a recommendation, but asked the trial court to take into consideration Richmond's "lengthy prior criminal history."

{¶ 3} Richmond does not appeal from his conviction, but only from his sentence. Richmond was sentenced on March 28, 2011, to one year in prison, with jail credit from January 10, 2011, until his conveyance to the penitentiary system. The web site of the office of the Clark County Clerk of Courts discloses that the execution of Richmond's sentence has not been stayed by the trial court or by this court. Therefore, Richmond would have completed serving his sentence on January 10, 2012. We conclude, therefore, that this appeal is moot, and it is therefore Dismissed.

## I.   The Plea Bargain.

{¶ 4} Richmond was charged by indictment with one count of Burglary, in violation of R.C. 2911.12(A)(4), a felony of the fourth degree.[1] In a plea bargain, which was reduced to writing, Richmond agreed to plead guilty to the reduced offense of Attempted Burglary, a felony of the fifth degree.

{¶ 5} In the written plea agreement, which Richmond signed, the State's undertaking is set forth as follows: "State will stand silent with respect to recommendation of sentence at sentencing." At the plea hearing, the State described its undertaking as follows:

---

[1]The Burglary statute was amended, effective September 30, 2011, by 2011 H.B. 86, as a result of which it no longer contains a division (A)(4).

The facts – Well, it's also understood between the parties that the defendant will be given a presentence investigation prior to sentencing in this matter, and that at sentencing the State will not recommend a sentencing and stand silent with respect to recommending a sentence, but we may be able to speak with respect to the facts of the case.

**{¶ 6}** Pursuant to the plea agreement, Richmond pled guilty to the reduced charge of Attempted Burglary.

## II.   The Sentencing Hearing.

**{¶ 7}** At the sentencing hearing, Richmond and his attorney were afforded the opportunity to address the court.  The court then asked the State if it had anything to say. The State then responded as follows:

Your Honor, pursuant to the terms of the plea agreement the State will not be speaking as to a sentence; however, the State would just ask that the Court take into consideration the lengthy prior criminal history that the defendant has, as both a juvenile and as an adult.

**{¶ 8}** The transcript of the sentencing hearing then indicates: "(Judge reading.)"  Following which, the trial court made the following statement:

You've been convicted of burglary back in 2005, theft in 2007, telephone harassment in 2007, theft in 2008.  You went to prison for that offense.  Aggravated menacing in 2010, domestic violence in 2011.

It's the order of the Court you be sentenced to one year in the Ohio State Penitentiary

and court costs.   That's all for today.

{¶ 9}   Whereupon, the sentencing hearing concluded.

{¶ 10}   Richmond appeals from his sentence.

### III.   This Appeal.

{¶ 11}   Richmond's sole assignment of error is as follows:

{¶ 12}   "THE PROSECUTION VIOLATED THE TERMS OF THE PLEA AGREEMENT BY NOT STANDING SILENT DURING DISPOSITION, THEREBY MAKING APPELLANT'S PLEA OF GUILTY INVOLUNTARY."

{¶ 13}   Richmond does not ask us to disturb his conviction for Attempted Burglary.   The relief he requests in his brief is as follows:

> Appellant respectfully requests that this court vacate the sentence and allow Appellant the full benefit of his bargain.   Therefore, as the State failed to honor the plea agreement, the sentence should be vacated and this case should be remanded for proceedings consistent with this [sic] opinion.

{¶ 14}   The State points out that Richmond did not object to the State's comment at the sentencing hearing.   But it is questionable whether Richmond had a meaningful opportunity to object.   The trial court appears to have turned its attention to reading from the pre-sentence investigation report as soon as the State was finished speaking.   The practical realities of sentencing hearings are that defendants and their counsel are loathe to interrupt, and possibly irritate, the trial court at this critical stage, when the trial court is about to pronounce sentence.

{¶ 15}   Richmond relies upon *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495,

30 L.Ed.2d 427 (1971), for the proposition that a material breach of an undertaking by the State, in a plea agreement, requires either the remedy of specific performance or the remedy of rescission. Richmond, evidently content with the plea bargain wherein his offense was reduced from Burglary to Attempted Burglary, seeks only the remedy of specific performance.

{¶ 16} Without addressing the merits of Richmond's assignment of error, we conclude that this appeal is moot. Richmond's sentence was due to expire on January 10, 2012. The website maintained by the Department of Rehabilitation and Corrections, of which we have taken judicial notice, does not list Richmond as a prisoner. It also does not reflect that he is on post-release control. The only relief Richmond seeks concerns his sentence. Even if we were to conclude that there was error in the imposition of his sentence, we cannot provide him meaningful relief, since he has already completed the sentence. Therefore, this appeal is moot. *State v. Money*, 2d Dist. Clark No. 2009 CA 119, 2010-Ohio-6225, ¶ 25. See, also, *State v. Johnson*, 11th Dist. Lake No. 2005-L-208, 2007-Ohio-780, ¶ 7.

{¶ 17}

## IV. Conclusion.

{¶ 18} This appeal being moot, it is Dismissed.

. . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Andrew R. Picek
Brett Rinehart
Hon. Douglas M. Rastatter