[Cite as *State v. Evans*, 2012-Ohio-5099.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   24928 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-1930 |
| v. | : | |
| | : | |
| DARRYL A. EVANS | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM,  Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, Post Office Box 972, 301 West Third Street, Dayton, Ohio 45422
         Attorney for Plaintiff-Appellee

MONTE K. SNYDER, Atty. Reg. #0005213, 6501 Germantown Road, Lot 41, Middletown, Ohio 45042
         Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Defendant Darryl A. Evans appeals from a judgment of the Montgomery County Court of Common Pleas, which revoked his community control and sentenced him to

11 months in prison.

{¶ 2}   In October 2009, Evans pled guilty to one count of non-support of dependants, in violation of R.C. 2919.21(B), a fifth degree felony.   In exchange for the plea, the State agreed to dismiss two additional counts of felony non-support of dependants.   The plea agreement provided, however, that Evans could be ordered to pay restitution "for all arrearage due and owing to 'C.E.'"   The trial court accepted Evans's plea and sentenced him to five years of community control, which included the conditions that Evans pay his court-ordered child support and restitution of $13,229.21.   The trial court informed Evans that he would be subject to 11 months in prison if he violated any of the terms of his community control.   Evans did not appeal his conviction or sentence.

{¶ 3}   In July 2011, a Notice of CCS Revocation Hearing and Order was filed, alleging that Evans had violated conditions of his community control by failing to maintain verifiable employment, failing to make regular payments toward his court-ordered child support, and failing to pay court costs and supervision fees.   Three months later, an amended notice was filed, alleging that Evans further violated the conditions of his community control by submitting a urinalysis sample that tested positive for illegal drugs and by failing to attend the Goodwill Easter Seals Program during two weeks in September 2011.

{¶ 4}   On October 27, 2011, the court held a revocation hearing, during which Evans's probation officer and Evans testified.   The trial court found that Evans had violated his community-control sanctions, and it ordered him to serve 11 months in prison and to pay $12,100.17 in restitution.   The court notified Evans that, upon his release, he may be subject to three years of post-release control.   Evans appeals from the revocation of his community control.

{¶ 5}     Evans's appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record, he found no potentially meritorious issues for appeal.   Counsel identified two possible assignments of error, namely (1) that the trial court abused its discretion when it terminated Evans's community control and sentenced him to prison, and (2) that Evans's trial counsel rendered ineffective assistance when she failed to present Evans's testimony through a formal question-and-answer format.

{¶ 6}     By entry, we informed Evans that his appellate attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date in order to file a pro se brief.   To date, no pro se brief has been filed.   The State also has not provided a substantive response to counsel's *Anders* brief.

{¶ 7}     We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).   In so doing, it appears that the issues raised by appellate counsel are moot, because Evans has now completed his 11-month sentence.

{¶ 8}     Evans was taken into custody on October 27, 2011, following the revocation hearing.   His notice of appeal, motion for delayed appeal, praecipe and notice to the court reporter, motion for transcript, and his motion for appointment of counsel all include a return address at the Correctional Reception Center in Orient, Ohio.   The record also contains communications from Evans, with a return address at Franklin Medical Center, Zone B, which is part of the Ohio Department of Rehabilitation and Corrections.   Based on our calculations, Evans completed his sentence in September 2012.   The ODRC website, of which we take

judicial notice, no longer lists Evans as an inmate, and he is not on post-release control.

{¶ 9} The two potential issues raised by appellate counsel challenge the trial court's decision to revoke Evans's community control and to impose a prison term based on alleged errors by the trial court and alleged ineffective assistance of trial counsel during the revocation proceeding. The remedy for these errors would be to remand the matter for a new violation hearing and/or resentencing. *See State v. Bell*, 2d Dist. Montgomery No. 24665, 2011-Ohio-6799, ¶ 5. However, an appellate court cannot grant relief to an offender who has served his prison sentence if the underlying conviction is not at issue. *E.g*., *id*.; *State v. Kinnison*, 2d Dist. Darke No. 2010 CA 1, 2011-Ohio-6324, ¶ 6, citing *State v. Johnson*, 11th Dist. Lake No. 2005-L-208, 2007-Ohio-780, ¶ 7; *State v. Money*, 2d Dist. Clark No. 2009 CA 119, 2010-Ohio-6225, ¶ 25 (taking judicial notice that defendant's name did not appear on the ODRC website and dismissing the appeal of her sentence as moot).

{¶ 10} This appeal does not concern Evans's underlying conviction for non-support of dependents, Evans has served the prison portion of his sentence, and he is not on post-release control. Accordingly, Evans has no meaningful remedy for the revocation of his community control and the imposition of a prison sentence. Because the issues raised by appellate counsel are undoubtedly moot, they lack arguable merit.

{¶ 11} An argument could be made that the restitution portion of the trial court's judgment has continuing effect and is not moot. But, we cannot conceive of an argument about the restitution, or its amount, that would have arguable merit. Accordingly, based on our careful independent review of the entire record, we agree with appellate counsel that there are no non-frivolous issues for review. Counsel's request to withdraw from further

representation is granted, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Monte Snyder
Darryl Evans
Hon. Timothy N. O'Connell