[Cite as *In re N.P.*, 2013-Ohio-1288.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| N.P., DELINQUENT CHILD. | : | **CASE NO. 2012-A-0024** |

Appeal from the Ashtabula County Court of Common Pleas, Juvenile Division, Case No. 10 JA 74.

Judgment: Affirmed.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Appellee, the state of Ohio).

*Timothy Young*, Ohio Public Defender, and *Charlyn Bohland*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Appellant, N.P.).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, N.P., appeals from the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, revoking his probation and committing him to the legal custody of the Ohio Department of Youth Services ("ODYS") for a period of 90 days on each count of a two-count complaint to be served consecutively. Based on the following reasons, we affirm the judgment of the juvenile court.

{¶2} A complaint was filed against N.P. for committing five counts of breaking and entering, each a violation of R.C. 2911.13(A), fifth-degree felonies if committed by

an adult; two counts of criminal damaging, each a violation of R.C. 2909.06(A)(1), second-degree misdemeanors if committed by an adult; and criminal trespassing, a violation of R.C. 2911.21(A)(3), a fourth-degree misdemeanor if committed by an adult. N.P. admitted to one count of breaking and entering and one count of criminal damaging; the juvenile court dismissed the other counts and adjudicated him delinquent. The juvenile court committed N.P. to the ODYS for a minimum period of six months, maximum to his 21st birthday, but stayed the commitment on the condition that N.P. successfully complete probation.

{¶3} N.P. violated his terms of probation, and the juvenile court invoked his suspended ODYS commitment. Complaints were filed in the juvenile court alleging N.P. violated the conditions of his parole based on conduct after his release from ODYS. N.P. admitted to the parole violations and was committed to ODYS for a minimum period of 60 days. After completing his 60-day commitment, N.P. was released from ODYS to parole supervision.

{¶4} A two-count complaint was filed in the juvenile court alleging that N.P. once again violated the conditions of his parole based on conduct subsequent to his latest release. At a hearing, N.P. admitted to the parole violations. N.P. was adjudicated a delinquent, his parole was revoked, and he was committed to ODYS for 90 days for each violation, to be served consecutively.

{¶5} N.P. filed a timely appeal. His assignments of error allege:

{¶6} [1.] The juvenile court erred when it committed [N.P.] to [ODYS] for a minimum period of ninety days for each parole revocation, as only

2

a thirty-day minimum [ODYS] commitment is authorized by R.C. 5139.52(F).

{¶7} [2.] The juvenile court committed plain error when it ordered [N.P.] to serve consecutive ninety-day parole revocation commitments, in violation of [R.C.] 2152.17(F); [R.C.] 5139.52(F); the Fifth and Fourteenth Amendments to the United States Constitution; and Article I, Section 16 of the Ohio Constitution.

{¶8} [3.] Trial counsel rendered ineffective assistance by failing to object to [N.P.'s] illegal parole revocation commitments and the consecutive nature of the commitments, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶9} N.P.'s assignments of error on appeal challenge the juvenile court's imposition of his sentence based on alleged errors by the juvenile court and alleged ineffective assistance of trial counsel during sentencing. N.P. maintains the trial court erred in issuing consecutive 90-day sentences. The remedy for these alleged errors would be for this court to remand the matter for resentencing. The record reflects, however, that N.P. was recommitted to the custody of ODYS on May 23, 2012, for a period of 90 days on two counts to be served consecutively. N.P. was therefore due to be released from ODYS on November 18, 2012. As such, this court cannot grant such relief to an appellant who has served his sentence, but does not attack the underlying conviction on appeal. In this case, N.P. admitted to the underlying parole violations. *See State v. Evans*, 2d Dist. No. 24928, 2012-Ohio-5099 (finding that appellant's

3

assignments of error, including ineffective assistance of trial counsel, are moot because the appellant completed his 11-month sentence).

{¶10} Although we may dismiss this appeal as moot, we recognize that the issues raised by appellant on appeal are similar to those raised in *In re A.N.*, 11th Dist. Nos. 2011-A-0057 and 2011-A-0058, 2012-Ohio-1789. In that case, this court addressed a situation where a juvenile pled guilty to having violated the terms of his parole and was recommitted to the ODYS for a definite period of 90 days. As the juvenile was no longer in custody at the time of appeal, this court rendered the appellant's assigned errors moot. *Id.* at ¶7. This court, however, did review the case substantively in order to determine whether a 90-day revocation of parole is permissible and to address the appellant's claim of ineffective assistance of counsel.

{¶11} This court noted that "R.C. 5139.52(F) unambiguously states that if a trial court decides to return a juvenile to the custody of ODYS as a result of a parole violation, the court *shall* return him for no less than 30 days." *Id.* at ¶12. (Emphasis sic.) "While a trial court or ODYS Release Authority may require the child to spend more than the minimum 30 days in ODYS's custody subsequent to a parole revocation, they are prohibited from requiring less than a 30-day commitment, or releasing the juvenile prior to completion of a minimum of 30 days." *Id.*

{¶12} In the case sub judice, appellant committed two separate and distinct parole violations, which were filed in a single complaint. Based on the plain language of R.C. 5139.52(F), the trial court was within its power to revoke N.P.'s parole for a period of 180 days: 90 days for each parole violation. The court satisfied the 30-day minimum sentence requirement of R.C. 5139.52(F), and as a result, we find no error.

4

{¶13} Appellant's first assignment of error is without merit.

{¶14} Moreover, we do not find merit in appellant's second assignment of error. Under this assigned error, appellant argues it was error for the trial court to impose his sentences consecutively, as R.C. 2152.17(F) does not permit consecutive commitments for parole revocations under R.C. 5139.52(F).

{¶15} R.C. 2152.17(F) states, in relevant part:

{¶16} If a child is adjudicated a delinquent child for committing two or more acts that would be felonies if committed by an adult and if the court entering the delinquent child adjudication orders the commitment of the child for two or more of those acts to the legal custody of the department of youth services for institutionalization * * *, the court may order that all of the periods of commitment imposed under those sections for those acts be served consecutively in the legal custody of the department of youth services * * *.

{¶17} We agree with and therefore adopt the Ninth Appellate District's holding that R.C. 2152.17(F) is inapplicable to sentences for parole violations. *In re H.V.*, 9th Dist. Nos. 11CA010139 and 11CA010140, 2012-Ohio-3742, ¶9. "[A] juvenile court has broad discretion to craft an appropriate disposition for a child adjudicated delinquent." *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, ¶6. A juvenile court may commit a child to the custody of ODYS for an indefinite term, not to exceed the child's 21st birthday. R.C. 2152.16(A). It was therefore within the trial court's inherent authority to

5

run appellant's parole violations consecutively. Therefore, appellant's second assignment of error is without merit.

{¶18} Additionally, appellant argues his trial counsel provided ineffective assistance of counsel when he failed to object to the court's imposition of a 180-day parole revocation. This court has considered and rejected an ineffective assistance of counsel claim in relation to trial counsel's failure to object to a juvenile's 90-day parole revocation. *In re A.N., supra*, ¶14-17. Based on our court's previous decision, we find appellant's third assignment of error without merit.

{¶19} Based on the decision of this court, the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is hereby affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.