[Cite as *State v. MacConnell*, 2013-Ohio-4947.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25437 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CRB-11405 |
| v. | : | |
| | : | |
| RION MacCONNELL | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of November, 2013.

. . . . . . . . . . .

JOHN DANISH, Atty. Reg. #0046639, and STEPHANIE COOK, Atty. Reg. #0071514, by AMY
B. MUSTO, Atty. Reg. #0071514, Dayton Municipal Prosecutor's Office, 335 West Third Street,
Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

JOHN K. LIMOLI, Atty. Reg. #0058551, 1402 Sunset Drive, Fairborn, Ohio 45324
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Rion MacConnell appeals from his conviction and sentence

for Receiving Stolen Property, in violation of R.C. 2913.51(A), a misdemeanor of the first

degree. MacConnell assigns three errors pertaining to the 180-day jail sentence imposed for the offense, but does not assign any error pertaining to the conviction.

{¶ 2} Because MacConnell has completed serving the entire jail sentence imposed, there is no meaningful relief that we can afford him on appeal. Therefore, this appeal is moot, and it is Dismissed.

## I. The Course of Proceedings

{¶ 3} MacConnell was charged with Receiving Stolen Property, in violation of R.C. 2913.51(A), a misdemeanor of the first degree; Falsification, in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree; and Obstructing Official Business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree. After various proceedings, MacConnell pled guilty to Receiving Stolen Property, and the other two charges were dismissed.

{¶ 4} MacConnell was sentenced to 180 days in jail, with 2 days credit for pre-trial incarceration, and 128 days suspended, for an effective sentence of 50 days in jail. He was later permitted to withdraw his plea "in the interests of justice."

{¶ 5} Later still, MacConnell pled no contest to Receiving Stolen Property. (There is nothing in the record to indicate that the Falsification and Obstructing Official Business charges, which had been dismissed, were ever revived; those charges are not relevant to this appeal.) MacConnell was found guilty of Receiving Stolen Property, pursuant to his no-contest plea. He was sentenced to 180 days in jail, with no credits or suspensions.

{¶ 6} From his conviction and sentence, MacConnell appeals. He asserts the following three assignments of error:

[Cite as *State v. MacConnell*, 2013-Ohio-4947.]

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CHANGED THE EFFECTIVE TERM OF THE DEFENDANT'S INCARCERATION.

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT REFUSED TO GIVE CREDIT FOR TIME SERVED.

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY SENTENCING HIM OUTSIDE THE GUIDELINES PROVIDED FOR A FIRST DEGREE MISDEMEANOR.

**II.   This Appeal Is Moot Because it Is Only Concerned with**

**MacConnell's Sentence, Which He Has Already Completely Served;**

**Therefore, He Cannot Be Afforded any Meaningful Relief on Appeal**

{¶ 7}   MacConnell diligently attempted to stay the execution of his jail sentence, without success.  We denied his motion for a stay on November 16, 2012, noting that the trial court had not ruled on a motion for stay pending in that court.  The trial court denied his motion for a stay on November 26, 2012.  We denied another motion for a stay in this court on December 4, 2012.  Finally, on February 6, 2013, we denied MacConnell's motion to reconsider the issue of the stay.

{¶ 8}   The State moved to make certain certified jail records part of the record of this appeal.  Without objection by MacConnell, we made those records part of this record.  They reflect that MacConnell completed his jail sentence, and was released, on June 9, 2013.

{¶ 9}   As can be seen, all three of MacConnell's assignments of error are directed to his jail sentence; none of them are directed to his conviction.  Because MacConnell has already

completed serving his jail sentence, we agree with the State that we have no ability to provide MacConnell any meaningful remedy on appeal, even if we were to find one or more of his assignments of error to be meritorious.   We cannot restore to him any of the time he spent in jail on this conviction.   Accordingly, this appeal is moot, and must be dismissed.   *State v. Johnson*, 11th Dist. Lake No. 2005-L-208, 2007-Ohio-780, ¶ 7; *State v. Money,* 2d Dist. Clark No. 2009 CA 119, 2010-Ohio-6225, ¶ 25; and *State v. Kinnison*, 2d Dist. Darke No. 2010 CA 1, 2011-Ohio-6324, ¶ 7.

### III.   Conclusion

**{¶ 10}**   Because this appeal is moot, it is Dismissed.

. . . . . . . . . . . . .

HALL and GALLAGHER, JJ., concur.

(Hon. Eileen A. Gallagher, Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

John Danish / Stephanie Cook
Amy B. Musto
John K. Limoli
Hon. Daniel G. Gehres