[Cite as *State v. VanHoose*, 2014-Ohio-3944.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN   COUNTY

STATE OF OHIO                  :
                              :    Appellate Case No. 2013-CA-23
    Plaintiff-Appellee         :
                              :    Trial Court Case No. 13-CR-25
v.                            :
                              :
SHEA M. VanHOOSE              :    (Criminal Appeal from
                              :     Common Pleas Court)
    Defendant-Appellant        :
                              :

. . . . . . . . . . .

## O P I N I O N

Rendered on the ____12th____ day of ____September____, 2014.

. . . . . . . . . . .

KEVIN S. TALEBI, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

MICHAEL R. PENTECOST, Atty. Reg. #0036803, 117 South Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

SHEA M. VanHOOSE, 225 Logan Street, Urbana, Ohio 43078
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Shea M. VanHoose appeals from his conviction and sentence following a

negotiated guilty plea to one count of trafficking in marijuana, a fifth-degree felony.

{¶ 2} VanHoose's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appellate review and requesting permission to withdraw. We notified VanHoose of counsel's filing and gave him an opportunity to submit a pro se brief. No such brief has been filed.

{¶ 3} In his *Anders* filing, counsel does identify a potential assignment of error concerning the propriety of VanHoose's ten-month prison sentence. Counsel concludes, however, that a challenge to the sentence would be frivolous because it was less than the statutory maximum and was supported by the record.

{¶ 4} Upon review, we agree that a challenge to VanHoose's sentence would be frivolous. The Ohio Department of Rehabilitation and Correction's web site reflects that VanHoose is no longer incarcerated, and a county "JusticeWeb" site reflects that he is no longer even on post-release supervision. *See State v. Bair*, 2d Dist. Champaign No. 2011-CA-8, 2011-Ohio-6798, ¶ 4 (taking judicial notice that a defendant's name did not appear on the ODRC web site of incarcerated individuals). Therefore, any challenge to his sentence would be moot. *Id.* at ¶ 6.

{¶ 5} Finally, pursuant to our responsibilities under *Anders*, we independently have examined the record, including plea and sentencing hearing transcripts, and have found no non-frivolous issues for appellate review. The record reflects a knowing, intelligent, and voluntary guilty plea in compliance with Crim.R. 11. In exchange for the plea, the State agreed to dismissal of a second count and deleted a specification that VanHoose's offense was committed within the vicinity of a juvenile, reducing the offense from a fourth-degree to a fifth-degree

felony.

{¶ 6}    Appointed counsel's motion to withdraw from further representation is sustained, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Kevin S. Talebi
Michael R. Pentecost
Shea VanHoose
Hon. Nick A. Selvaggio