[Cite as *State v. Bishop-Meyer*, 2017-Ohio-9223.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 13-CR-463 |
| | : | |
| KELLY L. BISHOP-MEYER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of December, 2017.

. . . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 130 West Second Street, Suite 830, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Kelly Bishop-Meyer appeals from the trial court's judgment entry revoking her community control and imposing a nine-month prison sentence for her conviction on one count of non-support of dependents.

{¶ 2} In her sole assignment of error, Bishop-Meyer contends the trial court erred in failing to award jail-time credit for the time she spent incarcerated awaiting a community-control violation hearing.

{¶ 3} The record reflects that Bishop-Meyer was charged with felony non-support in December 2013. She later pled no-contest. The trial court found her guilty and imposed five years of community control in 2015. Thereafter, the trial court scheduled a community control violation arraignment for June 5, 2017. On May 2, 2017, the trial court issued a warrant to have Bishop-Meyer conveyed from the Ohio Reformatory for Women (where she was incarcerated for a post-release control violation in another case) to the Miami County jail to participate in the June 5, 2017 proceeding. (Doc. #11-12). The trial court issued a second warrant on May 31, 2017 to have Bishop-Meyer conveyed from the Dayton Correctional Institution (where she then apparently was incarcerated) to the Miami County jail to participate in the upcoming community control revocation proceeding. (Doc. #14-15).

{¶ 4} On June 5, 2017, Bishop-Meyer appeared with counsel for her arraignment on the alleged community control violations. During that proceeding, she admitted three violations, and the State dismissed other alleged violations. Speaking on behalf of Bishop-Meyer, defense counsel informed the trial court that she already had been sanctioned by the Adult Parole Authority because she was on-post-release control in Montgomery

County. (June 5, 2017 Transcript at 7). Defense counsel added that "[s]he has been incarcerated continuously since January 31st" and that counsel "believe[d] that the expiration of that sentence is June 28th of this year." (*Id.*). After hearing from Bishop-Meyer, the trial court revoked community control and imposed a nine-month prison sentence. (*Id.* at 13). With regard to jail-time credit, the trial court stated: "You will get a sixty day jail credit from July 31, 2015 to September 28, 2015. You don't get any credit for the other times because those were—you're being—you weren't being held on this charge. You were being held on APA detainers. So, those are the—that's the jail credit." (*Id.* at 13-15). When the trial court then asked whether there was any dispute about jail-time credit, Bishop-Meyer questioned why she was not entitled to credit for time she had been incarcerated in Ohio since March 25th. (*Id.* at 14). The trial court responded: "That's an APA sanction. That's not this sentence. That's a—that's a PRC sanction for violating PRC. So, I can't give you credit for that. If I had the discretion to, I wouldn't, so. That will be the jail credit." (*Id.*).

{¶ 5} In its subsequent judgment entry, the trial court awarded Bishop-Meyer sixty days of jail-time credit from July 31, 2015 to September 28, 2015, which appears to be time she spent in jail after her arrest for felony non-support and before the trial court found her guilty and sentenced her to community control. (Doc. #17 at 1). The trial court also gave Bishop-Meyer jail-time credit from the date of its June 9, 2017 judgment entry until her conveyance to prison. (*Id.*).

{¶ 6} On appeal, Bishop-Meyer asserts "that she should be credited for the times she was removed, transported, and incarcerated from ORW to DCI and then DCI to Miami County until her hearing on June 5, 2017 as those relate to the community control

violations" in this case. (Appellant's brief at 5). Having reviewed the record, however, we note that no stay of Bishop-Meyer's prison sentence in this case was requested or granted pending appeal. The Ohio Department of Rehabilitation and Correction's web site reflects that she now has completed her sentence and is on APA supervision. *See State v. Evans*, 2d Dist. Montgomery No. 24928, 2012-Ohio-5099, ¶ 8-9 (taking judicial notice of the ODRC website). Because Bishop-Meyer has completed her term of incarceration and her only argument concerns jail-time credit, there is no available remedy. " 'This court cannot grant relief to an appellant who has served [her] sentence if the underlying conviction is not at issue.' " *State v. Bair*, 2d Dist. Champaign No. 2011-CA-8, 2011-Ohio-6798, ¶ 6, quoting *State v. Johnson*, 11th Dist. Lake App. No. 2005-L-208, 2007-Ohio-780, ¶ 7. Accordingly, we overrule Bishop-Meyer's assignment of error as moot.

{¶ 7} The judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


FROELICH, J. and TUCKER, J., concur.


Copies mailed to:

Janna L. Parker
Christopher C. Green
Hon. Christopher Gee