JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Eddie Wright appeals from the sentence imposed by the trial court following appellant's entry of a guilty plea to one count of attempted menacing by stalking.
 {¶ 2} Appellant claims his six-month prison sentence is unsupported in the record and, further, requests this court to modify it. Appellant, however, received his sentence on October 30, 2003 and subsequently filed no motions requesting a stay of execution of it. His appeal was scheduled for hearing on June 22, 2004. Consequently, even if his argument had merit, since appellant already has served his sentence, this court cannot grant appellant any remedy. This appeal, therefore, is dismissed.
 {¶ 3} The record reflects appellant's conviction results from his relationship with the victim. In the early months of 2003, the victim, his wife, was in the process of seeking a divorce from him. Although the two had separated, appellant continued to telephone her, to appropriate items from her possession without consulting her, and to make inordinate efforts to locate her whereabouts; several times, upon locating her, he threw rocks at her through open windows.
 {¶ 4} By May 2003, appellant's actions eventually led to misdemeanor charges in municipal court for assault, criminal damaging, and "endangering." Moreover, in the instant case, appellant was indicted for violation of R.C. 2903.211(B)(2), menacing by stalking. Appellant entered a plea of not guilty to the indictment.
 {¶ 5} After a period of discovery, appellant eventually entered into a plea agreement, whereby in exchange for the state's addition to the indictment of R.C. 2923.03, "the attempt statute," appellant changed his plea to guilty. The plea reduced the offense from a fourth-degree felony to a fifth-degree felony. The trial court accepted appellant's plea, then referred him to the probation department for a presentence report.
 {¶ 6} On October 30, 2003 appellant's case was called for sentencing. The trial court first asked appellant's counsel if anything "inaccurate" had been set forth in the probation report. Defense counsel answered that he disagreed with the victim's "explanation of what happened," and that he based his disagreement "upon her testimony at the preliminary hearing." Neither counsel nor appellant, however, gave the trial court at that time any support for this assertion.
 {¶ 7} The trial court then permitted the victim to make a statement. The victim described appellant's "pattern of conduct" over a period of several months that frightened her, caused distress to her family and friends, and disrupted her life; she asserted appellant's behavior continually escalated until she "got the Court involved."
 {¶ 8} When the trial court turned its attention to defense counsel, counsel disputed the victim's version of the incidents that led to appellant's indictment. Once again, counsel alluded to "a preliminary hearing in this particular case which transpired in May in Cleveland Municipal Court;" nevertheless, counsel made no request to introduce the transcript of the hearing into evidence.
 {¶ 9} Counsel indicated the victim overstated some of her accusations against appellant. However, counsel acknowledged appellant demanded money from the victim, threatened to commit suicide in order to obtain the victim's aid, made repeated telephone calls to the victim, took the victim's vehicle, became involved in an altercation with the victim's new boyfriend, and went to the victim's workplace at least once. At his own opportunity of allocution, appellant added the victim had "really dramatized" his actions and complained that he was "getting tired of coming to Court."
 {¶ 10} Appellant's comment did not impress the trial court. The court reviewed appellant's criminal history, including his recent convictions on the misdemeanor charges related to the victim's account, noted the victim had "indicated she's paralyzed by stress and fear," observed appellant had engaged in "dangerous behavior," and stated the victim's statements were corroborated by her report to the probation investigator.
 {¶ 11} The trial court proceeded to consider the statutory sentencing factors. It found appellant attempted to cause or made an actual threat of physical harm to the victim "with a weapon, that being a rock." Additionally, the court listed several factors that increased the seriousness of appellant's offense, found a "prison term [was] consistent with protecting the public from future crime and punishing" appellant, and found appellant was not amenable to community control sanctions.
 {¶ 12} The court remarked appellant was "lucky" he was not facing a case "where maybe [the victim] could have wound up dead with some of this unbelievably unsafe and out-of-control behavior." However, the fact appellant's relationship with the victim may have been "toxic" was a "mitigating factor," therefore, the trial court chose to impose upon appellant the minimum prison term of six months, with credit for time served.
 {¶ 13} Two weeks later, on November 14, 2003, appellant filed his notice of appeal. However, the record reflects he requested of neither the trial court nor this court a stay of execution of his sentence. Moreover, appellant did not request placement of this appeal on the accelerated calendar pursuant to Loc.App.R. 11.1.
 {¶ 14} Appellant appeals his sentence with the following two assignments of error:
 {¶ 15} "I. The trial court erred in sentencing the appellant to a prison term as the record does not support the trial court's findings under O.R.C. 2929.13(B).
 {¶ 16} "II. The trial court erred in sentencing the appellant to a prison term as the sentence is contrary to law pursuant to O.R.C. 2953.08(A)(4) and is subject to modification and/or reduction."
 {¶ 17} Appellant argues the trial court's imposition of a prison term for his fifth-degree felony conviction is legally flawed. Appellant contends the record does not support the trial court's findings under R.C. 2929.13(B)(1)(a) and (b) that appellant made "an actual threat of physical harm to a person;" and, therefore, this court should alter the sentence imposed.
 {¶ 18} At this juncture, however, whether or not appellant's argument has merit matters little, because this court can grant appellant no remedy. "Any appeal of a sentence already served is moot." State v. Barcomb, Cuyahoga App. No. 80196, 2002-Ohio-4435, *P.7.
 {¶ 19} Once a person has served the sentence imposed, in the absence of a challenge to the underlying conviction, there is neither a collateral disability nor a loss of civil rights that can be remedied by a modification of the length of that sentence.State v. Beamon, Lake App. No. 2000-L-160, 2001-Ohio-8712.
 {¶ 20} Thus, appellant's appeal is moot.
Dismissed.
Kilbane, P.J., Concurring in judgment only.
 {¶ 21} On this appeal from a sentence imposed by Judge Bridget M. McCafferty, I concur in judgment only but write separately to note that, although the sentencing journal entry provides that post-release control for the maximum provided by law is purportedly part of Wright's sentence, no reference whatsoever to such controls was made during the sentencing hearing. R.C. 2967.28 (C) provides in part:
{¶ 22} "Any sentence to a prison term for a felony of thethird, fourth, or fifth degree * * * shall include a requirementthat the offender be subject to a period of post-release controlof up to three years after the offender's release fromimprisonment, if the parole board, in accordance with division(D) of this section, determines that a period of post-releasecontrol is necessary for that offender."
 {¶ 23} It is, therefore, the parole board, not a judge, that decides whether Wright would be subject to post-release control and for what length of time. Woods v. Telb[1] and R.C.2929.19 (B)(3)(d) mandate that a defendant be advised during sentencing that he may be subject to such control or it is not part of that sentence. Wright has completed the sentence imposed during that hearing and cannot be subject to any form of post-release control.[2]
 {¶ 24} I would remand for a new sentencing journal entry that accurately reflects what occurred during the sentencing hearing with a recommendation that the judges cease and desist from utilizing incorrect boilerplate language.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J. concurs.
 Kilbane, concurs in judgment only with separate concurringopinion.
[1] 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103, paragraph two of the syllabus.
[2] State v. Morrissey (Dec. 18, 2000), Cuyahoga App. 77179, appeal dismissed (2001), 91 Ohio St.3d 1476, reconsideration denied (2001), 91 Ohio St.3d 1494, discretionary appeal not allowed (2001), 91 Ohio St.3d 1523.