[Cite as *State v. Starks*, 2013-Ohio-4496.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99501**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONALD E. STARKS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-176103

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**FOR APPELLANT**

Ronald Starks, pro se
Inmate No. A171-539
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Ronald E. Starks ("Starks"), appeals the denial of a motion to correct his sentence. We find merit to the appeal and reverse.

{¶2} In December 1982, Starks pleaded guilty in CR-176103-A to one count of trafficking in violation of R.C. 2925.03. The offense was a third-degree felony and the court sentenced him to 5 to 15 years in prison and ordered a mandatory minimum of three years.

{¶3} In 1983, while serving his drug conviction, Starks was convicted of two counts of aggravated murder and two counts of aggravated robbery in CR-83-186387 for acts he committed before going to prison. The court sentenced him to concurrent terms of 4 to 25 years for each of the robbery counts, and concurrent terms of life imprisonment for the aggravated murder charges. Those convictions were affirmed on appeal. *State v. Starks,* 8th Dist. Cuyahoga No. 50087, 1986 Ohio App. LEXIS 5845 (Mar. 6, 1986).

{¶4} In 2012, Starks filed a motion to correct his sentence in CR-176103, arguing that he was improperly sentenced for a second-degree felony even though he was convicted of a third-degree felony. The trial court denied the motion as moot on grounds that he had already served his entire sentence in CR-176103. This appeal followed.

{¶5} In his sole assignment of error, Starks argues the trial court erred in denying his motion to correct his sentence. He contends that because the court erroneously imposed a second-degree felony sentence for his third-degree felony conviction, his sentence is contrary to law and void.

**{¶6}** R.C. 2929.11, which governed penalties for felonies at the time Starks's sentence was imposed in December 1982, provided in relevant part:

> (B) Terms of imprisonment for felony shall be imposed as follows:
> * * *
>
> (2) For a felony of the second-degree, the minimum term shall be two, three, four, or five years, and the maximum term shall be fifteen years;
>
> (3) For a felony of the third-degree, the minimum term shall be one year, eighteen months, two years, or three years, and the maximum term shall be ten years.

**{¶7}** In CR-176103, Starks pleaded guilty to a third-degree felony. The court sentenced him to a prison term of 5 to 15 years and ordered a mandatory three-year minimum. The mandatory three-year minimum was within the range of maximum minimum sentences for third-degree felonies under the statute. However, the maximum penalty for a third-degree felony under the statute was only 10 years. The 5 to 15 year sentence the court imposed on Starks falls within the range for second-degree felonies. Therefore, the sentence failed to include the correct statutorily mandated term.

{¶8} Starks argues the erroneous sentence was a clerical error and the trial court should have corrected his sentence pursuant to Crim.R. 36. Crim.R. 36 provides: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The term "clerical mistake" refers to "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. Imposing a sentence requires the court to apply the sentencing statute to the conviction. Therefore, it involves a legal decision or judgment and is not a clerical error.

{¶9} The court denied Starks's motion to correct the sentence as moot because Starks had already served the sentence in its entirety and was serving concurrent life sentences for two counts of aggravated murder in another case. Generally, an "appeal of a sentence already served is moot." *State v. Wright*, 8th Dist. Cuyahoga No. 83781, 2004-Ohio-4077, ¶ 18. However, where a court fails to comply with statutory requirements when imposing a sentence, "the attempted sentence [is] a nullity or void." *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120, ¶ 23, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). The effect of determining that a judgment is void is that the parties are in the same position as if there had been no judgment. *Beasley* at ¶ 12. Thus, "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.

{¶10} Therefore, the trial court erred in concluding that Starks's motion to correct his sentence was moot.  The original sentence is void, and the proper remedy is to resentence Starks within the statutory range for third-degree felonies.

{¶11} Judgment reversed and case remanded to the trial court for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR