[Cite as *State v. Gullatte*, 2018-Ohio-5273.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2016-CA-20 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-287 |
| | : | |
| DAVID J. GULLATTE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of December, 2018.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Second Floor, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

CHRISTOPHER B. EPLEY, Atty. Reg. No. 0070981, 10 West Second Street, Suite 2400, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant David J. Gullatte pled guilty in the Greene County Court of Common Pleas to failure to comply with an order or signal of a police officer. The trial court sentenced him to 36 months in prison. Gullatte appeals from his conviction, claiming that the trial court erred in imposing a maximum 36-month sentence, which was longer than the sentence recommended by the State. Gullatte has completely served the imposed prison sentence, and there is no relief which we can provide on the issue raised in his appeal. Accordingly, this appeal will be dismissed as moot.

{¶ 2} According to the presentence investigation report, on May 7, 2015, a Beavercreek police officer in a marked cruiser observed Gullatte speeding on Interstate 675. Gullatte was also weaving across lanes and on the shoulder of the highway. The officer saw Gullatte swerve to take an exit, squeeze through cars stopped for a red light at the exit, striking them, cross a busy road against a red light, and reenter the highway. The police officer activated the cruiser's lights and siren in an attempt to initiate a traffic stop, but Gullatte did not comply. When Gullatte took the next exit, he proceeded through another red light and struck another vehicle. Gullatte left his vehicle and ran from the officer. Gullatte's driver's license was under suspension at the time of the incident. He had numerous prior traffic offenses.

{¶ 3} Approximately one week later, Gullatte was indicted on one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(2)(b), and one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B). Both offenses were felonies of the third degree. Gullatte faced a maximum sentence of 36 months in prison on each offense, as well as a $10,000 fine and driver's license

suspension.

{¶ 4} On November 3, 2015, Gullatte reached an agreement with the State whereby he would plead guilty to failure to comply and agree to pay restitution of $8,800. The State agreed to dismiss the aggravated vehicular assault charge. The parties further agreed that Gullatte would receive a one-year sentence if he paid restitution in full by the sentencing date and, alternatively, if Gullatte did not pay restitution in full by the sentencing date, Gullatte would receive an 18-month sentence.

{¶ 5} At the plea hearing, the trial court told Gullatte that it would "honor the agreement you have struck to impose either of those two sentences depending on the status of restitution. * * * [W]hen we come back for disposition, I will either impose a one-year sentence or an 18-month sentence." The court informed Gullatte that community control was an option for his offenses and asked Gullatte if he wished to proceed with his plea. Gullatte responded that he wished to go forward with his plea. The written plea agreement noted that Gullatte was eligible for community control, but that he would not receive it due to the stipulated sentence.

{¶ 6} Gullatte's sentencing was scheduled for January 2016, but was continued when he retained new counsel.

{¶ 7} At a hearing on March 18, 2016, the parties informed the court that they had reached an agreement to have Gullatte's plea withdrawn and an agreement on a revised plea. The trial court granted the motion to withdraw and conducted a new plea hearing. The court informed Gullatte that the maximum punishment he could receive was a three-year sentence and/or a $10,000 fine, and that the court was required to suspend his driver's license for a period of time between three years and a lifetime suspension.

{¶ 8} The court then articulated the amended plea agreement, stating:

Defendant will plead guilty to Count 2, Failure to Comply with an Order or Signal of a Police Officer, felony of the third degree. Count 1 of the indictment, which is aggravated vehicular assault, will be dismissed. The case will go for a Pre-Sentence Investigation. Defendant's responsible for restitution in the amount of $8,800. If the Defendant pays full restitution by sentencing date, the State would recommend a one-year prison sentence. If the Defendant does not pay full restitution by sentencing date, the State would recommend an 18-month prison sentence.

{¶ 9} When asked if he had any questions about what the court had read, Gullatte asked if the agreement stated that he was eligible for community control. The court replied:

Yes. The State is making a recommendation of prison, which means that both sides have the right. You and the State have a right to make a recommendation to me as to what I should do in this case. * * * [T]o answer your question specifically, the State's making a recommendation of prison, but it's not a stipulated sentence. A stipulated sentence is where the Court would say, this is what I'm going to do. This is going to have the Court receive a Pre-Sentence Investigation, and then make a decision based upon the information I have in the Pre-Sentence Investigation.

Gullatte indicated that he understood. The court later elaborated that it had a "choice here of two things: Either a prison sentence or Community Control." The court told Gullatte that, at that time, it did not know which one it was going to do. Gullatte again

indicated his understanding. After additional exchanges, Gullatte entered a guilty plea to failure to comply with an order or signal of a police officer.

{¶ 10} On May 26, 2016, after a presentence investigation, the trial court sentenced Gullatte to 36 months in prison and suspended his driver's license for 20 years. In doing so, the trial court told Gullatte that it was not bound by the prosecutor's recommendation, and that it was the court's responsibility to "fashion its own sentence, that was a decision I made in this case[.]" Gullatte subsequently sought to stay his sentence, but his request was denied.

{¶ 11} Gullatte timely appealed from his conviction, but we dismissed the appeal for lack of prosecution. We subsequently granted Gullatte's application to reopen his direct appeal. He now claims that the trial court improperly sentenced him to the maximum sentence.

{¶ 12} The Ohio Department of Rehabilitation and Correction website indicates that Gullatte is no longer incarcerated and is not on post-release control. Accordingly, we must consider whether Gullatte's appeal is moot. We have stated:

> " 'Any appeal of a sentence already served is moot.' " *Columbus v. Duff*,
> 10th Dist. Franklin No. 04AP-901, 2005-Ohio-2299, ¶ 12, quoting *State v.*
> *Wright*, 8th Dist. Cuyahoga No. 83781, 2004-Ohio-4077, ¶ 18. It is true
> that "an appeal challenging a felony conviction is not moot even if the entire
> sentence has been satisfied before the matter is heard on appeal." *State*
> *v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), at the syllabus. But
> this rule "does not apply if appellant is appealing solely on the issue of the
> length of his sentence and not on the underlying conviction." *State v.*

*Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656, * 1 (Dec. 14,

2001); *e.g., Duff* at ¶ 12 (quoting *Beamon* for the same proposition).

*State v. Bogan*, 2d Dist. Champaign No. 2012-CA-34, 2013-Ohio-1920, ¶ 5.

{¶ 13} Gullatte does not challenge his underlying guilty plea; his appeal relates only to the length of his prison sentence. Because Gullatte has completely served that sentence and is not on post-release control, there is no relief that we can provide. Gullatte's appeal is moot and, accordingly, it is dismissed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Nathaniel R. Luken
Christopher B. Epley
Hon. Stephen Wolaver