[Cite as *State v. Dixon*, 2019-Ohio-299.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-4162 |
| | : | |
| DAVID E. DIXON | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2019.

. . . . . . . . . . .

LENEE M. BROSH, Atty. Reg. No. 0075642, Prosecuting Attorney, Miami County Municipal Court, 215 West Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, 101 Southmoor Circle NW, Kettering, Ohio 454296
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant David E. Dixon appeals the jail sentence imposed by the Miami County Municipal Court after the court had previously suspended the sentence. Dixon contends that the court had no jurisdiction to require him to serve the previously suspended sentence. Alternatively, he contends that if the trial court intended to conduct a probation revocation hearing, it violated his right to due process by failing to provide proper notice of the alleged probation violation.

{¶ 2} Because Dixon admits that he has served his sentence, albeit involuntarily, and he does not challenge the underlying conviction or assert that he is subject to any collateral disabilities, we conclude that his arguments are moot. Accordingly, the appeal is dismissed.

## I.    Facts and Procedural History

{¶ 3} In October 2017, the Troy Police Department investigated a call from a local elementary school regarding extensive bruising to the chest of Dixon's nine-year old son. After an investigation, Dixon was charged by complaint with felony domestic violence. On January 18, 2018, Dixon entered a plea of no contest to the misdemeanor offense of attempted domestic violence. On February 28, 2018, the municipal court sentenced Dixon to 90 days in jail. The jail term was suspended, and Dixon was placed on a two-year term of probation. He was also ordered to pay a fine of $250 and costs. The sentence appears to have been properly journalized.

{¶ 4} On March 5, 2018, the trial court conducted a bond revocation and resentencing hearing. At that time, Dixon requested a continuance in order to permit his

counsel to attend. The matter was continued until March 9, and an assignment notice for a bond revocation and resentencing hearing was sent to counsel for Dixon.

{¶ 5} At the hearing on March 9, 2018, probation officer Justin Lande testified that Dixon had failed to cooperate with him during probation intake by not completing and signing paperwork regarding the terms of his probation. Lande testified that he was unable to complete the intake process due to Dixon's lack of cooperation. Dixon, conversely, testified that he had cooperated with Lande by answering all of his questions to the best of his ability. Dixon also testified that he had completed an anger management course as well as a parenting course.

{¶ 6} At the close of the hearing, the trial court made the following statement:

Alright, Mr. Dixon, the court has considered all of the matters that it considered previously when it imposed its original sentence upon you. At that time if you recall, I indicated to you that I was hesitant to put you on probation but that the eloquence and convincing words of your counsel had convinced me that perhaps we should take a shot at you. And, I'll tell you, at the time that we had that discussion and I looked you in the eyes, I'm looking at you now, I suggested that you take responsibility for your acts and I suggested that you go to the probation department and I suggested that you comply fully with them and I suggested that perhaps you even do so with a smile. At that time, I wasn't pleased with what I saw from you in response. Nevertheless, I continued to give you the benefit of the doubt. I sent you down, let you talk to Mr. Lande for intake, and, from the get go, you ignored my words of wisdom, and if they weren't wise, they were at

least words of direction with which you were supposed to comply. You did not do so. Which leads me to believe that my initial determination of the appropriate sentence for you was in error. I am therefore reconsidering that sentence and I am imposing upon you a 90 day jail sentence along with the $250.00 fine and court costs that were initially imposed in this matter.

Tr. p. 13.

{¶ 7} Dixon filed a motion for a stay of sentence, which was denied by the trial court.

{¶ 8} Dixon appeals.


## II. Analysis

{¶ 9} Dixon asserts the following two assignments of error:

THE TRIAL COURT LACKED JURISDICTION TO RECONSIDER THE SENTENCE PREVIOUSLY SUSPENDED AND THE NINETY DAY JAIL SENTENCE SUBSEQUENTLY IMPOSED IS A NULLITY.

THE TRIAL COURT VIOLATED APPELLANT'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS WHEN IT REVOKED HIS PROBATION AND IMPOSED A NINETY DAY JAIL SENTENCE.

{¶ 10} Both of Dixon's assignments of error contest the trial court's right to impose a 90-day jail sentence after previously suspending the jail term. In support, Dixon argues that the trial court lacked jurisdiction to reconsider a sentence that had already been imposed and journalized. Alternatively, he contends that, if in fact the trial court intended to revoke probation due to a probation violation, it did not follow the proper revocation

procedure.

{¶ 11} We begin by noting that we cannot tell from the record whether the trial court intended to merely reconsider Dixon's sentence or whether it intended to conduct a probation revocation hearing. If the trial court merely reconsidered its sentencing decision after the imposition and journalization thereof, we conclude that it erred as "[t]here is no provision in Ohio law for reconsideration of a valid, final judgment." *State v. Steele*, 10th Dist. Franklin No. 05AP-92, 2005-Ohio-4786, ¶ 9. If the trial court intended to conduct a probation revocation hearing, we conclude that it also erred as the record does not demonstrate that Dixon was afforded his due process right to a written notice of the alleged violations of probation. *State v. Cunningham*, 2d Dist. Clark Nos. 2014-CA-99, 2014-CA-100, 2015-Ohio-2554, ¶ 11. The notice sent to counsel merely contained the hearing date and did not set forth any alleged probation violations.

{¶ 12} However, Dixon admits that he has served his entire sentence. Thus, regardless of the merits of his assigned errors, we must determine whether his arguments are moot. The doctrine of mootness is founded upon the "long and well established [premise] that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Courts have no duty "to decide purely academic or abstract questions." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 (10th Dist.1991), citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910). Thus, a court "will not decide * * * cases in which there is no longer any actual controversy." *Heartland of Urbana, OH, L.L.C. v. McHugh Fuller Law Group, P.L.L.C.*, 2d Dist. Champaign No. 2016-CA-3, 2016-Ohio-

6959, ¶ 36, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37, quoting *Black's Law Dictionary* 1100 (9th Ed.2009).

{¶ 13} Since Dixon filed a request for a stay of his sentence, the fact that he has already served the 90-day jail term following the trial court's denial of his motion for a stay does not automatically render his appeal moot. The Ohio Supreme Court has said that "[t]he completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 26.

{¶ 14} However, if an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction. *State v. Hardwick*, 8th Dist. Cuyahoga No. 83604, 2004-Ohio-5857. "Once a person has served the sentence imposed, in the absence of a challenge to the underlying conviction, there is neither a collateral disability nor a loss of civil rights that can be remedied by a modification of the length of that sentence." *State v. Wright*, 8th Dist. Cuyahoga No. 83781, 2004-Ohio-4077, ¶ 18, citing *State v. Barcomb*, 8th Dist. Cuyahoga No. 80196, 2002-Ohio-4435, ¶ 7. In other words, there is no justiciable issue remaining for resolution.

{¶ 15} Dixon does not challenge the propriety of the conviction, or the fines and costs associated therewith. He does not cite any collateral consequences or loss of civil

rights stemming from the conviction. He does not claim that this case involves a matter capable of repetition, yet evading review. Dixon has served his entire jail sentence. At this juncture, regardless of the trial court's errors, this court cannot grant Dixon any remedy. Therefore, his assigned errors are moot. The action must be dismissed because it no longer presents a justiciable controversy for this court to resolve.

### III.    Conclusion

{¶ 16} Dixon's assignments of error being moot, this appeal is dismissed.


. . . . . . . . . . . . .


WELBAUM, P.J. and FROELICH, J., concur.


Copies sent to:

Lenee M. Brosh
J. David Turner
Hon. Gary A. Nasal