[Cite as *State v. Massie*, 2019-Ohio-2464.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2018-CA-3 and |
| | : | 2018-CA-5 |
| v. | : | |
| | : | Trial Court Case Nos. 2017-CRB-4293 |
| ALLAN W. MASSIE, JR. | : | and 2017-CRB-4227 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of June, 2019.

. . . . . . . . . .

MARC T. ROSS, Atty. Reg. No. 0070446, Assistant Prosecuting Attorney, Clark County
Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

KAREN S. MILLER, Atty. Reg. No. 0071853, P.O. Box 341274, Beavercreek, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Allan W. Massie, Jr., appeals from a judgment of the Clark County Municipal Court, which imposed maximum, consecutive sentences after he pled guilty to two counts of theft. Massie claims the trial court erred in imposing maximum, consecutive sentences and in failing to afford him his right to allocution at sentencing. Massie further contends that he has been denied his right to a meaningful appeal since there is no record of the plea and sentencing hearing available for this court to review. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On December 27, 2017, Massie pled guilty to two counts of first-degree misdemeanor theft in violation of R.C. 2913.02(A)(1). One count was charged under Clark M.C. No. 2017-CRB-4227 and the other count was charged under Clark M.C. No. 2017-CRB-4293. The trial court accepted Massie's guilty pleas and sentenced him to 180 days in jail for each theft offense. The trial court ordered the 180-day jail sentences to be served consecutively to each other and consecutively to another 180-day jail sentence that was imposed in a third, unrelated case that is not part of this appeal, Clark M.C. No. 2017-CRB-2546. Massie appealed from the judgments in all three cases. The appeals in Case Nos. 2017-CRB-4227 and 2017-CRB-4293 were consolidated, while the appeal in Case No. 2017-CRB-2546 was dismissed.

{¶ 3} On January 5, 2018, Massie's trial counsel filed a request for the clerk of court to transmit the record on appeal to this court. In response to the request, the trial court's official court reporter filed a statement indicating that there was no recording of Massie's December 27, 2017 plea and sentencing hearing due to a malfunction of the

court's digital recording device. Over the next three months, no action was taken by Massie to file the record on appeal.

{¶ 4} On April 4, 2018, Massie was appointed appellate counsel. Upon being appointed, Massie's appellate counsel filed an additional request for the court reporter to prepare a transcript of the trial court proceedings. However, no other action was taken to file the record on appeal. As a result, on May 31, 2018, this court issued an order for Massie to show cause why his appeal should not be dismissed for his failure to file the record on appeal.

{¶ 5} On June 18, 2018, Massie's appellate counsel responded to the show cause order and indicated that the record on appeal had not been filed because there was no transcript of the proceedings due to the malfunction of the trial court's recording device. Massie's counsel also requested a 30-day extension to file a statement of the proceedings in lieu of a transcript as permitted by App.R. 9(C) and (D).

{¶ 6} On June 28, 2018, this court granted the requested 30-day extension and found that the show cause order had been satisfied. Massie was therefore ordered to file the record on appeal on or before July 13, 2018. Massie, however, did not meet the stated deadline. As a result, on August, 13, 2018, this court filed another order for Massie to show cause why his appeal should not be dismissed. A month later, the clerk of court filed a notice indicating that the record on appeal had been filed.

{¶ 7} After the record on appeal was filed, Massie's counsel requested a 20-day extension to file an appellate brief. This court granted the requested extension and ordered Massie to file his appellate brief on or before October 22, 2018. Massie, however, did not meet that deadline either. Because Massie failed to file an appellate

brief by the stated deadline, on November 5, 2018, this court filed a notice of intent to remove Massie's appellate counsel. In the notice, we gave Massie's counsel 14 days to either file a brief or to show cause in writing why the matter should be not dismissed for the failure to file a brief.

{¶ 8} On November 16, 2018, Massie's counsel filed a response indicating that the delay in filing a brief was due to there being no transcript of Massie's plea and sentencing hearing. In the response, counsel once again requested additional time to prepare a statement of what transpired at the plea and sentencing hearing. Approximately three weeks later, on December 4, 2018, this court sustained the requested extension and gave Massie 30 days to file his appellate brief.

{¶ 9} Despite this extension, no statement or brief was ever filed. Rather, on January 15, 2019, counsel filed in this court a "Motion to Modify Sentence/Motion for Remand." As part of that motion, counsel asked this court for an order modifying the trial court's sentence and releasing Massie from jail. Alternatively, counsel asked this court for an order remanding the matter to the trial court "for further proceedings." The motion also indicated that counsel could not formulate an App.R. 9(C) or (D) statement of the proceedings after communicating with the prosecutor, Massie's defense counsel, and the trial court.

{¶ 10} On January 28, 2019, this court overruled the "Motion to Modify Sentence/Motion for Remand" and removed appellate counsel from Massie's case. In doing so, we noted that the appeal had been pending for more than a year with very little progress on the record issue. We also noted that despite multiple extensions, the case had remained in limbo, and that new appellate counsel would be appointed to Massie.

{¶ 11} On February 1, 2019, this court appointed Massie with a new appellate counsel. Shortly after the appointment, Massie's new counsel filed an appellate brief. Massie's counsel also filed a motion to expedite the appeal on grounds that the appeal was at risk of becoming moot since Massie was scheduled to be released from jail on April 18, 2019. In the motion, Massie's counsel explained that the appeal had lingered for over a year due to prior counsel's repeated requests for continuances and efforts to create a record.

{¶ 12} On March 15, 2019, we overruled Massie's motion to expedite his appeal. Even an expedited schedule at that point would not have had the case submitted before Massie's release on April 18, 2019. The appeal was then submitted for this court's review on June 4, 2019, without the benefit of a transcript or an App.R. 9(C) or (D) statement. In support of his appeal, Massie raises three assignments of error for review.

**First Assignment of Error**

{¶ 13} Under his first assignment of error, Massie contends the trial court erred in imposing maximum, consecutive jail sentences for his theft offenses in Case Nos. 2017-CRB-4227 and 2017-CRB-4293. According to Massie, the sentences imposed by the trial court were excessive in light of his offenses. There is, however, no dispute that Massie has already served the sentences at issue and was released from jail during the pendency of this appeal.

{¶ 14} "[I]f an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction." (Citation

omitted.)   *State v. Dixon*, 2d Dist. Miami No. 2018-CA-8, 2019-Ohio-299, ¶ 14.   " 'Once a person has served the sentence imposed, in the absence of a challenge to the underlying conviction, there is neither a collateral disability nor a loss of civil rights that can be remedied by a modification of the length of that sentence.' "   *Id.*, quoting *State v. Wright*, 8th Dist. Cuyahoga No. 83781, 2004-Ohio-4077, ¶ 19.   (Other citation omitted.) "In other words, there is no justiciable issue remaining for resolution."   *Id.*

{¶ 15} In this case, because Massie has already completed his jail time, we have no ability to provide him with any meaningful relief on his challenge to the length of his sentences.   Simply put, "[w]e cannot restore to him any of the time he spent in jail on this conviction."   *State v. MacConnell*, 2d Dist. Montgomery No. 25437, 2013-Ohio-4947, ¶ 9. Consequently, Massie's first assignment of error has been rendered moot by the completion of his jail sentences.   *See, e.g., State v. Ingledue*, 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶ 10; *State v. Johnson*, 2d Dist. Montgomery No. 27140, 2017-Ohio-4323, ¶ 9*; State v. Robinson*, 2d Dist. Montgomery Nos. 26712, 26713, 2016-Ohio-3277, ¶ 4.

{¶ 16} Massie's first assignment of error is overruled as moot.

**Second Assignment of Error**

{¶ 17} Under his second assignment of error, Massie contends the trial court erred by failing to afford him the right to allocution as required by Crim.R. 32(A)(1).   "The plain language of Crim.R. 32(A)(1) imposes a mandatory duty upon the trial court to unambiguously address the defendant and provide him or her with the opportunity to speak before sentencing."   (Citation omitted.)   *State v. Collier*, 2d Dist. Clark Nos. 2006

CA 102, 2006 CA 104, 2007-Ohio-6349, ¶ 92. This rule applies to both misdemeanor and felony convictions. *State v. Cantrell*, 2d Dist. Champaign No. 2014-CA-19, 2015-Ohio-1936, ¶ 4, citing *Collier* at ¶ 92.

{¶ 18} "Where the record shows that the court did not afford the right of allocution, and where this is the only error in the record, the finding of guilt is not reversed, but instead the cause is remanded to the trial court for the sole purpose of resentencing." (Citation omitted.) *State v. Conkle*, 2d Dist. Montgomery Nos. 24161, 24163, 2012-Ohio-1772, ¶ 41. *Accord Cantrell* at ¶ 4. Therefore, if the trial court failed to afford Massie his right to allocution, the failure would not affect his conviction. Massie's relief would be limited to a resentencing.

{¶ 19} In arguing that he was not afforded the right to allocution, Massie notes that there is no transcript of the sentencing hearing for this court to review. Massie, however, overlooks the fact that it was his duty to provide a complete record for appeal. *State v. Thompson*, 2d Dist. Montgomery No. 22984, 2010-Ohio-1680, ¶ 235; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Although no transcript was available in this case, "App.R. 9 provides a process by which a statement of the evidence may be created to cure the defect of the lack of an entire transcript[.]" *State v. Lewis*, 2d Dist. Montgomery No. 23850, 2011-Ohio-1411, ¶ 28.

{¶ 20} App.R. 9(C) provides that "[i]f no recording of the proceedings was made, * * * the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." The rule requires the appellant to serve the statement on the appellee and the appellee may thereafter serve the appellant with any objections or proposed amendments to the statement. The statement

and any objections or proposed amendments must then be submitted to the trial court for settlement and approval before it is certified as the record on appeal.

{¶ 21} In addition, App.R. 9(D) provides that the parties "may prepare and sign a statement of the case showing how the issues raised in the appeal arose and were decided in the trial court[.]" The agreed statement contemplated in App.R. 9(D) also needs to be approved by the trial court before it is certified as the record on appeal.

{¶ 22} In this case, we provided Massie with multiple extensions of time to file a statement as permitted by App.R. 9(C) or (D), yet Massie never filed such a statement. Massie contends that he was unable to comply with App.R. 9(C) or (D) because none of the parties have any recollection as to what transpired at his plea and sentencing hearing. Massie asserts that his appellate counsel attempted, without success, to contact the public defender and prosecutor who handled his case. Massie also claims the prosecutor's office had no files on his case.

{¶ 23} Even if Massie's claims are true, and even if the trial court had failed to afford Massie his right to allocution, the allocution issue is rendered moot because Massie has completed his jail sentences. As previously discussed, " '[t]his court cannot grant relief to an appellant who has served his sentence if the underlying conviction is not at issue.' " *State v. Bair*, 2d Dist. Champaign No. 2011-CA-8, 2011-Ohio-6798, ¶ 6, quoting *State v. Johnson*, 11th Dist. Lake No. 2005-L-208, 2007-Ohio-780, ¶ 7. (Other citations omitted.) Because the allocution error does not affect Massie's conviction, only his sentence, this court cannot grant Massie any relief since his sentence has already been completed. *Contrast Cantrell,* 2d Dist. Champaign No. 2014-CA-19, 2015-Ohio-1936, at ¶ 5 (finding the issue of allocution was not rendered moot by defendant serving his 30-

day jail sentence where the trial court had suspended 150 days, which were still subject to allocution since the defendant had yet to pay his fine and complete his community control).

{¶ 24} Massie's second assignment of error is overruled as moot.

**Third Assignment of Error**

{¶ 25} Under his third assignment of error, Massie contends that he has been denied the right to a meaningful appeal because there is no transcript of his plea and sentencing hearing for this court to review. However, as noted above, it was Massie's duty to complete the record on appeal and he failed to use the mechanisms provided in App.R. 9(C) or (D) to make a record when there is no transcript available. *See State v. Skaggs*, 53 Ohio St.2d 162, 163, 372 N.E.2d 1355 (1978) (appellant has the burden to show the relevance of omissions in the record and to use the provisions of App.R. 9). *Accord State v. Rayburn*, 4th Dist. Gallia No. 89 CA 14, 1990 WL 127037, *1 (Aug. 22, 1990).

{¶ 26} Even when taking into account Massie's explanation for not complying with App.R. 9(C) and (D), the fact remains that Massie was not prejudiced by this court's inability to review a transcript of the proceedings. This is because all the claims raised in Massie's appeal are moot as a result of the completion of Massie's sentence. We stress that Massie did not challenge his conviction on appeal or even allege that the lack of a transcript prevented him from challenging his conviction. Rather, Massie only challenged aspects of his already-completed sentence and specifically requested this court to vacate his sentence. Because any claim pertaining to Massie's sentence is now

moot, a transcript of the change of plea and sentencing hearing would not have advanced Massie's appeal in any respect. For this reason, Massie's claim that he was denied a meaningful appeal as a result of there being no transcript lacks merit.

{¶ 27} We note that Massie also claims he was prejudiced by his first appellate counsel's inability to provide this court with an App.R. 9(C) or (D) statement after the passage of almost nine months. The present appeal, however, is not the correct avenue for Massie to raise complaints with regard to his first appellate counsel's performance. " 'When an appeal is taken from a final judgment, only the judgment appealed from is brought before the appellate court, and upon review, the appellate court will affirm, modify or reverse the judgment appealed from.' " *State v. White*, 2018-Ohio-2573, 115 N.E.3d 878, ¶ 25 (2d Dist.), quoting *In re J.L.*, 2d Dist. Montgomery No. 26938, 2016-Ohio-5649, ¶ 19. Therefore, this court only has jurisdiction to affirm, modify or reverse Massie's judgment of conviction and sentence. The performance of Massie's appellate counsel is not part of this court's review on direct appeal.

{¶ 28} Massie's third assignment of error is overruled.

## Conclusion

{¶ 29} Having overruled all assignments of error raised by Massie, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Marc T. Ross
Karen S. Miller
Hon. Denise L. Moody