**[Cite as *State v. Holley*, 2020-Ohio-5104.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-44 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-158 |
| | : | |
| CHAD E. HOLLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 30th day of October, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

KEARA R. SCHREIBER, Atty. Reg. No. 0096864, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Chad E. Holley pled guilty in the Greene County Court of Common Pleas to an amended charge of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), a misdemeanor of the first degree. The trial court imposed 180 days in jail with 97 days suspended and jail time credit of 83 days. The court ordered two years of monitored time and required Holley to pay a fine of $1,000, all of which was suspended, and court costs.

{¶ 2} Holley appeals from his conviction, claiming that the trial court did not comply with Crim.R. 11 and R.C. 2937.07 in accepting his plea. The State has conceded error. For the following reasons, the trial court's judgment will be reversed and the matter will be remanded for further proceedings.

## I. Facts and Procedural History

{¶ 3} Holley was indicted on three counts of having weapons while under disability, in violation of R.C. 2923.13(A)(1), (2), and (3), all felonies of the third degree.[1] The charges were based on Holley's possession of a .44 caliber F. Lli Pietta Model 1858 black powder revolver; at the time of his arrest, Holley had two outstanding warrants for assault and criminal damaging in Xenia and a prior burglary conviction in Florida. The indictment also sought forfeiture of the weapon.

{¶ 4} Holley initially had appointed counsel, who filed a discovery demand on his behalf. On April 30, Holley's attorney moved to withdraw as counsel due to a "significant breakdown in communication which would make further representation impossible."

---

[1] The State agreed during a pretrial conference that the charges were allied offenses of similar import.

After a hearing, the trial court allowed defense counsel to withdraw. Holley elected to proceed without counsel, and he expressly waived his constitutional right to counsel, orally and in writing, at a subsequent hearing.

{¶ 5} Prior to trial, the State dismissed Count 3 (R.C. 2923.13(A)(3)) of the indictment and struck references in the indictment to a "dangerous ordnance." On July 22, 2019, the matter proceeded to a jury trial on Counts 1 and 2. At the conclusion of the State's case, the court granted Holley's Crim.R. 29 motion as to Count 2 (R.C. 2923.13(A)(1)) on the ground that there was insufficient evidence that Holley was a fugitive from justice. After the jury received its instructions and departed the courtroom to deliberate, the court and the parties again discussed whether Holley's prior Florida conviction constituted a felony offense of violence for purposes of Count 1 (R.C. 2923.13(A)(2)).

{¶ 6} While the jury was deliberating and prior to any ruling by the trial court on the reopened Crim.R. 29 motion, the parties reached an agreement for Holley to plead guilty to a modified charge of carrying a concealed weapon, a misdemeanor of the first degree. In exchange, the State would dismiss the remaining charge and agree to a sentence of time served.

{¶ 7} When Holley expressed that he would be more comfortable with a plea of no contest, the State objected, indicating that it was reducing the charge from a felony to a misdemeanor and a misdemeanor offense would "require some additional evidence that the State would have to put on for the Court to consider." The court responded, "Well, that's true. That's true. It's probably just as easy – I'm going to make a finding of guilty. Why don't we just do a guilty verdict?" Holley replied, "Okay," but expressed that he had

concerns about how a guilty plea would affect his separate replevin action for the gun. The court responded:

> Well, I will, I think I can fairly say this: You are pleading to the misdemeanor offense defined as CCW. It's not addressing that particular weapon. In other words, what they're doing over there, I guess you refer to a replevin action, whatever lawsuit, has no bearing upon this.

{¶ 8} After further discussion about Holley's case regarding the return of his weapon, the trial court continued with Holley's plea, as follows:

> THE COURT: All right. I've been with you all day. I think it's fair to say that you are alert, and you're clear of mind, and you totally understand what's going on here today; is that correct?
>
> DEFENDANT CHAD HOLLEY: Yes, sir.
>
> THE COURT: And you've agreed and the Court has made a finding that you can represent yourself in this case. Is it your voluntary choice to go forward with this change of plea?
>
> DEFENDANT CHAD HOLLEY: Yes, sir.
>
> THE COURT: All right. And in light of the agreement that's been presented on the record by the State, do you understand the maximum penalty a misdemeanor can afford to you is $1,000 fine and a six-month county jail term; do you understand those are the maximum penalties?
>
> DEFENDANT CHAD HOLLEY: Yes, I do.
>
> THE COURT: All right. And with that understanding, as to the amended charge before the Court, which is CCW, how do you wish to plead?

DEFENDANT CHAD HOLLEY: One more thing right there is, if there's – could his Honor be sure to ensure that that $1,000 fine becomes a lien at this time? That I don't have to pay that until if it becomes a lien against my license? I don't want to have to worry about that aspect.

THE COURT: You're not going to have to worry about it.

DEFENDANT CHAD HOLLEY: Yes, sir. Then I would enter a plea of guilty.

THE COURT: All right. The Court will find that your plea is voluntary, intelligent, and knowingly made, and that the Court has complied with Criminal Rule 11.

The record does not contain a written plea agreement.

{¶ 9} The court orally sentenced Holley to 180 days in jail with 83 days of jail time credit and the remaining 97 days suspended. It further imposed a $1,000 fine, all of which was suspended, and ordered Holley to pay court costs. The court told Holley that he would be "on unmonitored time" for two years, which "mean[t] just don't commit any offenses for the next two years."

{¶ 10} Holley immediately asked the court if he could withdraw his plea, because he did not want to have a two-year suspended sentence "hanging over my head" and he did not think he would be able to afford to pay the court costs. Holley asked, "I just don't understand why it's not time served?" The court responded, "All you have to worry about, Mr. Holley, is you're getting out of jail today, and you're done with this case. * * *" The court denied the motion.

{¶ 11} The trial court's judgment entry reflected the orally-imposed suspended jail

term, the suspended fine, and the requirement to pay court costs. The judgment entry indicated, however, that Holley was placed on monitored, not unmonitored, time for two years. Holley appeals his conviction.

{¶ 12} Holley's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon our *Anders* review, we found that non-frivolous issues existed as to whether the trial court complied with Crim.R. 11 and R.C. 2937.07 while taking Holley's misdemeanor plea. We also noted that the trial court's judgment entry appeared to differ in some respects from the trial court's oral pronouncements at sentencing. We therefore rejected the *Anders* brief and appointed new counsel for Holley.

{¶ 13} Holley now raises one assignment of error, claiming that the "trial court committed reversible error by accepting [his] guilty plea in contravention of Crim.R. 11 and R.C. 2937.07."

## II. Mootness

{¶ 14} As an initial matter, the State raises that Holley failed to seek a stay of execution of his sentence pending appeal and that, as a result, this appeal may be moot. The State notes that the trial court issued a decision on June 29, 2020, which administratively terminated Holley's monitored community control. The entry indicated that Holley had "not fulfilled all required obligations within the supervision period" and that he remained responsible for any fines, court costs, and fees owed. The entry nevertheless ordered that Holley be discharged, his citizenship rights restored, and the case closed.

{¶ 15} "The doctrine of mootness is founded upon the 'long and well established

[premise] that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect.' " *State v. Dixon*, 2d Dist. Miami No. 2018-CA-8, 2019-Ohio-299, ¶ 12, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). When a misdemeanor defendant has voluntarily paid the fine or completed the sentence for an offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction. *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), paragraph one of the syllabus; *State v. Nared*, 2d Dist. Clark No. 2017-CA-3, 2017-Ohio-6999, ¶ 11.

{¶ 16} Unpaid court costs alone are sufficient to prevent a judgment from being moot, even if an appellant has completed his jail sentence. *State v. Ruley*, 2d Dist. Miami No. 2017-CA-10, 2018-Ohio-3201, ¶ 10; *Nared* at ¶ 12; *State v. Laster*, 2d Dist. Montgomery No. 25019, 2013-Ohio-621, ¶ 3, fn.1 ("Because the court costs remain unpaid, Laster's misdemeanor appeal is not moot despite her completion of community control and the absence of any other apparent collateral consequences stemming from her conviction."). The online docket for the Greene County Court of Common Pleas reflects that Holley has court costs of $356 that have not yet been paid. Due to that unpaid balance, Holley's appeal is not moot.

### III. Review of Holley's Plea

{¶ 17} As stated above, Holley claims that the trial court erred in accepting his guilty plea to carrying a concealed weapon, a first-degree misdemeanor, because it failed to comply with Crim.R. 11 and R.C. 2937.07.

{¶ 18} The requirements for a plea in felony cases differ from those for a plea in misdemeanor cases. Under Crim.R. 11(E), in misdemeanor cases involving petty offenses,[2] such as this case, "the court may refuse to accept a plea of guilty or no contest, and *shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.*" (Emphasis added.) A trial court is required to inform the defendant only of the effect of the specific plea being entered. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 20. The notification regarding the effect of the plea is not satisfied by statements relating to the maximum penalty and the defendant's constitutional rights. *See id.* at ¶ 22.

{¶ 19} Crim.R. 11(E) further states that the counsel provisions of Crim.R. 44(B) and (C) apply to misdemeanor pleas for petty offenses. Crim.R. 44, which governs appointment of counsel, provides in relevant part:

(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

---

[2] A "petty offense" is "a misdemeanor other than a serious offense." Crim.R. 2(D). A "serious offense" means "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

{¶ 20} In addition, pursuant to R.C. 2937.07, the trial court in a misdemeanor case is required to hear an explanation of the circumstances surrounding the offense. With respect to guilty pleas, the statute provides:

If the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea unless the court or magistrate believes that it was made through fraud, collusion, or mistake. * * * Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives unless the offense to which the accused is pleading is a minor misdemeanor in which case the court or magistrate is not required to call for an explanation of the circumstances of the offense. After hearing the explanation of circumstances, together with any statement of the accused or after receiving the plea of guilty if an explanation of the circumstances of the offense is not required, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.

{¶ 21} The State bears the burden of ensuring that an explanation of circumstances appears on the record before a conviction is entered. *State v. Schornak*, 2015-Ohio-3383, 41 N.E.3d 168, ¶ 8 (2d Dist.). However, it is immaterial who actually states the explanation on the record. *Id.* Regardless of who states the explanation of circumstances, the record must affirmatively demonstrate that a sufficient explanation of circumstances was made. *Id.*

{¶ 22} Holley first raises that the trial court failed to comply with Crim.R. 11(E) by failing to inform him of the effect of his plea. The State concedes that the trial court committed reversible error in this respect and agrees that Holley's plea was in contravention of Crim.R. 11. Upon review of the record, we likewise agree with the parties' assessment and conclude that Holley's conviction must be reversed on this basis.

{¶ 23} Holley further raises three additional issues. He argues that the trial court erred in not offering him the assistance of counsel, contrary to Crim.R. 11(E). He notes that his stand-by counsel was still in the gallery when he entered his plea. Next, he argues that the State failed to ensure compliance with R.C. 2937.07. Finally, Holley claims that the trial court's judgment differed from the trial court's oral pronouncement at sentencing, particularly in that the written judgment imposed monitored, not unmonitored, supervision.

{¶ 24} The State concedes that it failed to ensure compliance with R.C. 2937.07. It states in its appellate brief:

> [R]egardless of having taken 2 days of testimony regarding Weapons While Under Disability, in violation of R.C. § 2923.13(A)(1) and (2), during the plea colloquy, the State failed to incorporate those facts, by reference, into the plea for Carry Concealed Weapons charge or otherwise offer a recitation of the underlying facts as required by R.C. § 2937.07.

The State suggests that its failure was harmless, given that the parties had participated in two days of trial immediately before the plea hearing and "clearly understood the underlying facts," but it "none-the-less * * * concedes that the State did err in failing to ensure compliance with R.C. § 2937.07."

**{¶ 25}** In light of the trial court's failure to inform Holley of the effect of his plea, we need not address Holley's additional claims or the State's suggestion that its failure to ensure compliance with R.C. 2937.07 was harmless. Because the judgment will be reversed and the case remanded for further proceedings, any additional errors in the plea hearing or in the judgment entry are moot.

**{¶ 26}** Holley's assignment of error is sustained.

### IV. Conclusion

**{¶ 27}** The trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Marcy A. Vonderwell
Keara R. Schreiber
Hon. Stephen Wolaver